■
**In the Interest of F.M. and P.M., Minors, M.M., (natural father), Appellant.**

**No. 21982.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 24, 1998.

Michael C. King, Rolla, for Appellant.

Brian G. Ellsworth, Ellsworth & Ellsworth, Cabool, for Juvenile Officers, 25th Judicial Circuit.

PER CURIAM.

M.M. (Father) appeals from the circuit court's judgment terminating his parental rights with respect to F.M. (born 04/09/86) and P.M. (born 04/22/88), minor females. *See* § 211.447.[1] He assigns one point of error, discussed below. We affirm.

After a termination of parental rights hearing held on October 10, 1997, the Circuit Court of Phelps County terminated Father's parental rights, finding that Father had physically, emotionally, and sexually abused and raped both of his children. The circuit court also found that Father had failed to rectify the conditions which brought his two children under the jurisidiction of the court and that Father suffers from a permanent mental condition which renders him unable to provide his children with "necessary care, custody, and control." *See* §§ 211.447.2(2)(a); 211.447.2(2)(c); 211.447.2(3). The court ordered that "the custody of the children be awarded to the Missouri Division of Family Services for continued placement with their mother, J.V." [2]

On review, we will affirm the circuit court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law.[3] *In the Interest of F.N.M.,* 951 S.W.2d 702, 703 (Mo.App. 1997). We review the facts and all reasonable inferences in the light most favorable to the circuit court's judgment, and will reverse only if we are left with a firm impression that the judgment is wrong. *In the Interest of H.R.R.,* 945 S.W.2d 85, 88 (Mo.App.1997). Before a court can terminate the rights of a parent, there must be clear, cogent, and convincing evidence that one or more of the grounds listed under section 211.447.2 exists, and that such termination would be in the child's best interests. *In the Interest of F.N.M.,* 951 S.W.2d at 705. Strict and literal compliance with the statutory requirements, relating to termination of parental rights, is necessary. *In the Interest of H.R.R.,* 945 S.W.2d at 87.

In Father's sole point of error, he maintains that the court "committed plain error" in not inquiring at the conclusion of the hearing into "possible ineffective assistance of counsel." Father directs our attention to the fact that his counsel did not call him to the stand "and would hardly ask [him] to voice his opinion of counsel's services."

Relative to an action brought to terminate parental rights, Section 211.462 provides, in pertinent part, the following:

The parent or guardian of the person of the child shall be notified of the right to have counsel, and if they request counsel and are financially unable to employ counsel, counsel shall be appointed by the court.

§ 211.462.2. Thus, by statute Missouri has recognized a parent's right to counsel in actions brought to terminate parental rights. *See In the Interest of J.M.B.,* 939 S.W.2d 53, 55 (Mo.App.1997); *In Interest of J.C., Jr.,* 781 S.W.2d 226, 228 (Mo.App.1989). This statutory right to counsel "includes the right to effective assistance of that counsel." *In the Interest of J.M.B.,* 939 S.W.2d at 55. When allegations are made by a parent that he or she received ineffective assistance of counsel, "the test is whether the attorney was effective in providing his client with a meaningful hearing based on the record." *Id.* at 56.

We observe, initially, that Father's brief fails to comply with Rule 84.04, Missouri Court Rules (1998).[4] This is because

---

1. All statutory references are to RSMo 1994, the version of the section dealing with termination of parental rights in effect when the juvenile officer filed his petition. *See P.A.W. v. A.M.W.,* 716 S.W.2d 284, 287 (Mo.App.1986).

2. We observe that the guardian ad litem appointed to represent Father's two minor children recommended to the circuit court that Father's parental rights be terminated.

3. Father does not challenge any of the evidence that supports the court's judgment terminating his parental rights.

4. Rules 110 through 128 govern the practice and procedure in juvenile courts under Chapter 211. Rule 110.01, Missouri Court Rules (1998). Rule 110.04 provides that the Rules of Civil Procedure (41–101) apply when no procedure is provided in Rules 110 through 128. *See In Interest of A.H. and M.H.,* 963 S.W.2d 374, 379 (Mo.App.1998).

Father failed to cite to any authority *relevant* to the issue raised in his brief.[5] "A point of error unsupported by a citation of a relevant authority is deemed abandoned under Rule 84.04(d)." *In the Interest of A.H.*, 963 S.W.2d at 379. However, in cases involving custody of a child the most important issue is the best interest of the child. *Id.* at 380. Accordingly, we have reviewed *ex gratia* the entire record of the termination hearing of October 10, 1997. *See* Rule 84.13(c), Missouri Court Rules (1998).

First, we note that the record in this matter unequivocally reveals that Father's appointed counsel participated vigorously during the termination proceedings, periodically objecting to adverse evidence and testimony elicited by the juvenile officer and the guardian ad litem. He also actively cross-examined each of the four witnesses who testified at the hearing on behalf of the juvenile officer. Additionally, he called four witnesses on Father's behalf, and made an eloquent closing argument. *See, e.g., In the Interest of A.H.*, 963 S.W.2d at 380; *see also In Interest of W.S.M.*, 845 S.W.2d 147, 153–54 (Mo.App.1993).[6]

■ Additionally, the circuit court found in its judgment that based on the evidence presented, Father suffers from a mental condition, which is permanent, in that there is no reasonable likelihood that the condition can be reversed. The circuit court determined that, based upon the evidence presented, Father: (1) "has a full-scale intelligence index score of 69, which means he is operating at the very low end of normal adult intelligence, or at the high end of the moderate mental retardation level"; and (2) has a "Cluster B Personality Disorder." The court's findings in this regard shed light on Father's counsel's decision not to call Father to testify. Counsel's decision in this regard may appropriately be considered a matter of sound trial strategy. *See* parallel discussion in *State v. Davis*, 963 S.W.2d 317, 330 (Mo.App.1997). In any event, Father fails to demonstrate how counsel's decision not to call him to testify was prejudicial to him, *see id.*, particularly, when he has not challenged the sufficiency of the evidence supporting the trial court's judgment terminating his parental rights.

■ Finally, Father has failed to direct us to any authority in Missouri which requires a trial judge to personally question a parent about the effectiveness of his or her counsel at the conclusion of a termination of parental rights hearing. In the case at bar, Father is not being tried for a crime. Since "proceedings in juvenile court have been held to be civil in nature," *In Interest of L.A.H.*, 622 S.W.2d 319, 323 (Mo.App.1981), it is not necessary for the circuit court to have engaged in an examination as to the assistance of Father's counsel, as is required under Rule 29.07(b)(4), Missouri Rules of Criminal Procedure (1998). Moreover, Rules 110 through 128, Missouri Court Rules (1998) make no provision for a post-termination hearing to ascertain whether or not a parent received effective assistance of counsel during the proceedings. We also observe that the body of statutory law relating to termination of parental rights, as comprised under Chapter 211, is a "complete code within itself," as previously mentioned, "and proceedings thereunder must be in strict accordance with its terms." *In re S—M—W and M—L—P*, 485 S.W.2d 158, 164 (Mo.App.1972). If it appears from the record, as here, that an attorney has been effective in providing a "meaningful hearing," due process guarantees have been met. *In Interest of J.C., Jr.*, 781 S.W.2d at 228. Therefore, we determine that the circuit court committed no plain error in not holding a post-hearing review as to the effectiveness of Father's counsel. Point denied.

The judgment is afffirmed.

---

5. Father cites to " § 454.462.2 RSMo" more than once in his Point Relied On and in the argument portion of his brief. Our research reveals that this statutory section does not exist in Missouri. We infer, however, that Father is making reference to § 211.462.2 relating, *inter alia*, to the appointment of an attorney to represent the interests of a parent or guardian in a termination of parental rights proceeding.

6. *See In the Interest of J.M.B.*, 939 S.W.2d at 56, for an example of an attorney failing to provide effective assistance of counsel.