In the Interest of M.G., Plaintiff,

Juvenile Officer, Respondent,

v.

T.H. (Mother) Defendant,

M.G. (Father), Appellant.

Nos. WD 57986, WD 58023.

Missouri Court of Appeals,
Western District.

Nov. 7, 2000.

Anita D. Conboy, Nevada, MO, Atty. and Guardian for M.G.

Belinda K. Elliston, Lamar, for Respondent Juvenile Officer.

James L. Guthrie, Nevada, MO, for Appellant M.G.

Eric M. Landoll, Nevada, MO, for Defendant T.H.

Before HOLLIGER, P.J.,
LOWENSTEIN and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

This termination of parental rights case was filed in February of 1994 by the Juvenile Officer of Vernon County. The child is M.G., a girl who was born in January of 1984. The petition sought to terminate the rights of her mother and father. Only the father, M.G. (hereinafter Father), appeals the trial court's judgment, which terminated his rights under § 211.447.4(3),

RSMo Cum.Supp.1999.[1] This subsection generally allows the filing and granting of a termination petition when it is in the child's best interest, when the child has been under the jurisdiction of the court for a year, when the conditions which led to the assumption of jurisdiction or other potentially harmful conditions still exist, and when there is little likelihood that those conditions can be remedied at an early date, or when continuing the parental relationship greatly diminishes any prospect for the child's early integration into a stable and permanent home. Section 211.447.4(3) also specifically directs the trial court to consider and make findings on four subdivisions located in (a) through (d). As particularly pertinent here, subdivision (a) relates to the plan entered into between the parent and the Division of Family Services (hereinafter Division) and the extent of compliance by the parties, and (b) the success or failure of the Division to aid the parent to adjust the circumstances or to provide a proper home.

The record shows the child was taken into custody and care of the Division on July 30, 1996. Mother and Father were no longer married at that time. The child was living with the mother until a hotline call that reported sexual abuse by the stepfather was substantiated. Father did not make contact with the Division until February, 1997. He called and visited his daughter through December of that year, but a home study found him unsuitable for custody. Father's mental condition led to his being denied custody. He then made only sporadic visits and told the Division it was not in his daughter's best interests to live with him. The foster parents and the child requested an adoption.

■ The dispositive matter on this appeal is the failure of the court's judgment to reflect any of the findings mandated in § 211.447.4(3)(a)-(d). The judgment tracks the statutory language, but makes no mention of any findings regarding the Father. There were no findings as to: (a) the terms of the plan, (b) the success or failure of the efforts of the juvenile officer, the division or other agency to aid Father on a continuing basis in adjusting his circumstances or conduct to provide a proper home for his daughter, (c) whether the mental condition of the Father was such as to present no reasonable likelihood such condition could not be reversed, or (d) any evidence of chemical dependency.

■ Missouri cases have held that strict and literal compliance with the statutory requirements for a termination of parental rights under § 211.447 is necessary. *In Interest of F.M.*, 979 S.W.2d 944, 946 (Mo.App.1998). In a determination of a termination under this section, which al-

---

**1.** (3) The child has been under the jurisdiction of the juvenile court for a period of one year, and the court finds that the conditions which led to the assumption of jurisdiction still persist, or conditions of a potentially harmful nature continue to exist, that there is little likelihood that those conditions will be remedied at an early date so that the child can be returned to the parent in the near future, or the continuation of the parent-child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home. In determining whether to terminate parental rights under this subdivision, the court shall consider and make findings on the following:

(a) The terms of a social service plan entered into by the parent and the division and the extent to which the parties have made progress in complying with those terms;

(b) The success or failure of the efforts of the juvenile officer, the division or other agency to aid the parent on a continuing basis in adjusting his circumstances or conduct to provide a proper home for the child.

(c) A mental condition which is shown by competent evidence either to be permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to knowingly provide the child the necessary care, custody and control;

(d) Chemical dependency which prevents the parent from consistently providing the necessary care, custody and control over the child and which cannot be treated so as to enable the parent to consistently provide such care, custody and control[.]

lows termination where there has been a failure to correct after a year, "the trial court must make findings as to the four specified conditions or acts of the parent. . . ." *In Interest of F.N.M.*, 951 S.W.2d 702, 705–6 (Mo.App.1997). This court in *In Interest of H.R.R.*, 945 S.W.2d 85, 89 (Mo.App.1997)(emphasis in original) said "the court is required to make specific findings on *each* of these four factors", and if a factor is not relevant then the court should state why it is not relevant. *In H.R.R.* there were only minimal efforts to address three of the factors and a failure to address the fourth. This court reversed and remanded to allow the court to make all the factual findings required by § 211.447. *Id.* at 90; *See also In Interest of K.E.*, 947 S.W.2d 468 (Mo.App.1997). In the case at bar, none of the four factors was addressed even minimally.

It appears there was sufficient evidence to support a termination, but without any findings as to the Father, this case must be reversed and remanded to allow the court to make the necessary findings consistent with the statute. *In Interest of T.S.*, 925 S.W.2d 486, 489 (Mo.App.1996).

All concur.