In the Interest of H.F.G., Plaintiff,

Juvenile Officer, Respondent,

v.

E.G.(Father); P.G. (Mother), Appellants.

Nos. WD 65382 and WD 65383.

Missouri Court of Appeals, Western District.

Dec. 27, 2005.

Michael A. Carter, Camdenton, MO, Attorney and Guardian.

Aaron J. Martin, Versailles, MO, for appellant EG.

James S. Grantham, Versailles, MO, for respondent.

Mary C. McWilliams, Laurie, MO, for appellant.

Before LOWENSTEIN, P.J., ELLIS and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

E.G. (Mother) and P.G. (Father) each appeal the trial court's termination of their respective parental rights of H.F.G. (Child), born October 18, 2001, claiming that the trial court erred because it failed to make certain statutorily mandated findings and because the judgment is not supported by clear, cogent, and convincing evidence. The Juvenile Office did not respond to Mother's or Father's brief. Because the circuit court did not make the required findings under section 211.447.4(3),[1] this court reverses the circuit court's judgment and remands with directions to enter judgment in accordance with section 211.447 and *In the Interest of K.A.W.*, 133 S.W.3d 1 (Mo. banc 2004).

## LEGAL ANALYSIS:

### A. STATUTORY FINDINGS

■ The trial court terminated Mother's and Father's parental rights under section 211.447.4(3),[2] which allows the filing and granting of a termination petition when it is in the best interests of the child, the child has been under the jurisdiction of the juvenile court for one year, when the conditions leading to assumption of jurisdiction or other potentially harmful conditions persist, when little likelihood exists that those conditions can be remedied at an early date or when continuing the parental relationship greatly diminishes any prospect for the child's early integration into a stable and permanent home. *In the Interest of M.G.*, 31 S.W.3d 487, 488 (Mo.App. 2000). Section 211.447.4(3) also expressly

---

1. All statutory references are to Missouri Revised Statutes (2000).

2. 4. The juvenile officer or the division may file a petition to terminate the parental rights of the child's parent when it appears that one or more of the following grounds for termination exist:

 . . . .

 (3) The child has been under the jurisdiction of the juvenile court for a period of one year, and the court finds that the conditions which led to the assumption of jurisdiction still persist, or conditions of a potentially harmful nature continue to exist, that there is little likelihood that those conditions will be remedied at an early date so that the child can be returned to the parent in the near future, or the continuation of the parent-child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home. In determining whether to terminate parental rights under this subdivision, the court shall consider and make findings on the following:

 (a) The terms of a social service plan entered into by the parent and the division and the extent to which the parties have made progress in complying with those terms;
 (b) The success or failure of the efforts of the juvenile officer, the division or other agency to aid the parent on a continuing basis in adjusting his circumstances or conduct to provide a proper home for the child;
 (c) A mental condition which is shown by competent evidence either to be permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to knowingly provide the child the necessary care, custody and control[.]
 (d) Chemical dependency which prevents the parent from consistently providing the necessary care, custody and control over the child and which cannot be treated so as to enable the parent to consistently provide such care, custody and control;

commands the trial court to make findings on four subdivisions located in (a) through (d).

In the case at hand, the trial court's judgment stated in relevant part:

The Court finds that [H.F.G.] ... has been under the jurisdiction of the Juvenile Court for one year and the Court further finds that conditions which led to the assumption of the Juvenile jurisdiction still persist[ ], and that there is little likelihood that these conditions will be remedied in an earlier date so that the child can be returned to the parents in the near future, and that the continuation of the parent/child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home.

The Court further finds that the Social Service Plan entered into by the parents and the Children's Division is reasonable and that the parents failed to make any significant progress in complying with the terms of that agreement.

The Court further finds that the Juvenile Officer and the Children's Division made all reasonable efforts to assist the parents on a continuing basis to adjust their circumstances to provide a proper home for the child until relieved of such duty by the Circuit Court of Morgan County, Juvenile Division.

The Court further finds that the parents continued to use marijuana in violation of the Social Service Plan, and have admitted to the same to Detective Ronnie Witt.

The Court further finds that there exists clear, cogent and convincing evidence that the termination of parental rights of the natural parents is in the best interest of the child pursuant to Section 211.447(3) R.S.Mo.

The Court further finds that there are no emotional ties between the birth parents and the child.

The Court further finds that the parents failed to maintain regular visitation or other contact with the child.

The Court further finds that the parents did not provide any support for the cost of care of maintenance for the child and they were financially able to do so while the child was in the custody of the Children's Division, and what support was provided by the parents was minimal.

The Court further finds that additional services would not be likely to bring about a lasting parental adjustment to enable the return of the child to the parents within an ascertainable period of time.

THEREFORE, it is Ordered, Adjudged and Decreed that parental rights of [P.G.] and [E.G.] are hereby terminated and that the child [H.F.G.] be placed for adoption or other placement as deemed suitable by the Children's Division . . . .

Both parties challenge these findings as insufficient. Specifically, Mother complains of the trial court's lack of findings regarding subsections 211.447(3)(c) and (d), and regarding a link between past and future behavior. Father complains of the trial court's lack of findings regarding as to what conditions led to the assumption of the jurisdiction.

 "Severance of the parent-child relationship by act of law is an exercise of awesome power ..." *In the Interest of C.N.G.*, 89 S.W.3d 564, 567 (Mo.App.2002). Therefore, strict and literal compliance with the statutory requirements for a termination of parental rights under section 211.447.4 is necessary. *M.G.*, 31 S.W.3d at 488. When terminating parental rights under this section, the "trial court must

make findings as to the four specified conditions or acts of the parent[s]. . . ." *Id.* at 489. The court must make findings on *each* of the four factors. *Id.* If a factor is not relevant, the court must still address it, stating why that factor is not relevant. *Id.* "Statutory mandates to make findings may not be overlooked on appeal." *In the Interest of T.A.S.,* 32 S.W.3d 804, 810 (Mo. App.2000) (citation omitted).

Section 211.447.4(3) required a finding that the conditions leading to the assumption of jurisdiction still persist, or conditions of a potentially harmful nature continue to exist, that there is little likelihood that those conditions will be remedied at an early date so that the child can be returned to the parent in the near future, or the continuation of the parent-child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home.

While the circuit court's judgment did conclude that those conditions leading to the assumption of jurisdiction still persist with little likelihood that they will be remedied and that the continuation of the parent/child relationship greatly diminishes the child's prospects for early integration into a stable home, the circuit court failed to indicate what those conditions were that gave rise to jurisdiction and which of those remained at the time of trial. Such general findings that merely track the language of the statute are inadequate, and, thus, require this court to remand to the trial court for the necessary findings. *See C.N.G.,* 89 S.W.3d at 566–68 (reversing and remanding for insufficient findings that set forth, among others, which conditions led to the assumption of jurisdiction and which of these conditions still remained at the time of trial).

Section 211.447.4(3)(a) required the circuit court to make findings on "[t]he terms of a social service plan entered into by the parent and the division and the extent to which the parties have made progress in complying with those terms[.]" This section requires that the circuit court's findings identify "the plan and the terms thereof, when determining and finding the extent to which the parties have made progress in complying with such terms." *Id.* at 567. "The purpose is to ensure that all reasonable means to help the parent remedy the adverse conditions were utilized to no avail." *Id.* (citation omitted).

The circuit court found the social service plan to be "reasonable" and that the "parents failed to make any significant progress in complying with [its] terms." These findings are insufficient. Several service plans were in place during the course of the Children's Division's involvement with Mother, Father, and Child. While the circuit court is not required to quote the plan's terms, it must make findings that identify the plan and the terms that the parent did or did not comply. *Id.* (holding that the circuit court's findings that "[Mother] had been presented with Written Service Agreements . . . which were designed to aid and cause her to rectify conditions in order that the child could be returned to a parent" and that Mother was "unable or unwilling . . . to sufficiently comply with the term of the plan" were insufficient). *Compare In the Interest of T.M.E.,* 169 S.W.3d 581, 590 (Mo.App.2005) (holding that the circuit court's findings as to sections 211.447.4(3)(a) and (b), which discussed the services that DFS provided and Mother's participation, success and failures in those services, were "minimally sufficient," although not a "model for future judgments.")

Section 211.447.4(3)(b) required the court to make findings on "the success or failure of the efforts of the juvenile officer, the division or other agency to aid the parent on a continuing basis in adjusting

his or her circumstances or conduct to provide a proper home for the child[.]"

Here, the circuit court found that the juvenile officer and the Children's Division "made all reasonable efforts to assist the parents on a continuing basis to adjust their circumstances to provide a proper home for the child." The judgment made no mention as to what efforts the circuit court believed the juvenile office put forth, and specifically how those efforts were met with cooperation or hindrance. Without additional specificity, this finding is merely conclusory and, therefore, insufficient. *See Id.; In the Interest of A.S.O.,* 52 S.W.3d 59, 66 (Mo.App.2001) (holding that the trial court's finding that DFS "failed to aid the parent on a continuing basis in adjusting the [parent's] circumstances or conduct" was insufficient). *Compare T.M.E.,* 169 S.W.3d at 590.

Section 211.447.4(3)(c) requires the circuit court to address a mental condition that "renders the parent unable to knowingly provide the child the necessary care, custody and control." The circuit court's judgment made no reference to any mental condition of either parent. Although such a condition may not exist, the circuit court is required to address it by finding that the condition is irrelevant. *M.G.,* 31 S.W.3d at 489. Because the judgment failed to address this subsection, this finding is also insufficient.

Section 211.447.4(3)(d) requires the circuit court to make findings on "chemical dependency which prevents the parent from consistently providing the necessary care, custody and control over the child and which cannot be treated." Here, the circuit court found that the parents use marijuana. While the finding addresses the parents' usage, it fails to address drug "dependency" and how the drug usage prevents the parents from providing the

care, custody, and control over Child. Therefore, this finding is also insufficient.

 Finally, both parents challenge the circuit court's lack of findings regarding the link between past and future behavior, citing *In the Interest of K.A.W.,* 133 S.W.3d 1 (Mo. banc 2004). In *K.A.W.* the Supreme Court emphasized the importance of linking past behavior that supports grounds for termination to predicted future behavior. *Id.* at 9–10. "[I]t is insufficient merely to point to past acts, note that they resulted in abuse or neglect and then terminate parental rights." *Id.* at 9. The trial court must explicitly consider whether the past acts provide an indication of the likelihood of future harm. *Id.* at 10.

An examination of the circuit court's judgment does not reveal whether the circuit court explicitly considered the "likelihood of future harm." Such a consideration is particularly important here, where the Children's Division became involved when Child tested positive for marijuana at birth in 2001, the petition for termination was filed in November 2003, and the judgment terminating Mother's and Father's parental rights was entered in March 2005. Because the circuit court's judgment merely tracked the language of section 211.447.4(3) to terminate Mother's and Father's parental rights without making specific findings exclusive to the case at hand, this court is unable to determine whether the circuit court considered the likelihood of future harm. Therefore, this court directs the circuit court to consider all of Mother's and Father's conduct when determining whether grounds exist to terminate each parent's parental rights pursuant to section 211.447.4(3). *See In the Interest of J.M.N.,* 134 S.W.3d 58 (Mo.App. 2004). *Compare T.M.E.,* 169 S.W.3d at 588.

This court reverses the circuit court's judgment and remands with instructions

that the circuit court enters its findings on each of the statutorily required subdivisions or factors in accordance with section 211.447 and *K.A.W.* To further assist the parties and to avoid further confusion, this court instructs the circuit court to separately address the factors with respect to Mother and with respect to Father.

## B. SUFFICIENCY OF EVIDENCE

Both parents challenge the sufficiency of the evidence to support termination of their respective parental rights. After reviewing the record, it appears there may be sufficient evidence to support a termination. However, without the necessary findings, this case must be reversed and remanded to allow the trial court to make such findings consistent with section 211.447.4(3). *M.G.*, 31 S.W.3d at 489.

All concur.