In the Interest of S.T.W., a minor,

R.W.S., Appellant,

v.

Greene County Juvenile
Office, Respondent.

No. 23573.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 27, 2000.

Motion for Rehearing or Transfer
Denied Jan. 18, 2001.

John E. Kelly, Springfield, for Appellant.

Bill Prince, Springfield, for Respondent.

BARNEY, Chief Judge.

R.W.S. ("Appellant"), the natural mother of S.T.W., a minor born December 6, 1990, appeals from the juvenile court's judgment terminating her rights as a parent to S.T.W. Appellant raises one point of juvenile court error and maintains that the judgment terminating her parental rights should be set aside. Appellant

states she was denied effective assistance of counsel because her trial counsel failed to object to the receipt of hearsay evidence which she asserts was used to prove the juvenile officer's allegations.[1]

In Missouri, recognition has been accorded to a parent's right to effective assistance of counsel in actions brought to terminate parental rights. *See In Interest of J.M.B.*, 939 S.W.2d 53, 55 (Mo.App. 1997); *In Interest of J.C., Jr.*, 781 S.W.2d 226, 228 (Mo.App.1989); *see also* § 211.462.2, RSMo 1994.[2] The test of effectiveness is whether the attorney's performance provided his or her client with a meaningful hearing based on the record. *In Interest of F.N.M.*, 951 S.W.2d 702, 707 (Mo.App.1997); *In Interest of J.C., Jr.*, 781 S.W.2d at 228.[3]

Nevertheless, an examination for prejudice is informative to the determination of whether Appellant was afforded a meaningful hearing.

First, we observe that "[i]t is nearly impossible in a court-tried case to predicate reversal on the erroneous admission of evidence." *In Interest of T.B.*, 963 S.W.2d 252, 257 (Mo.App.1997); *In Interest of J.A.J.*, 652 S.W.2d 745, 749 (Mo.App. 1983). "Deference is given to the judge's ability to consider that evidence which is relevant and admissible." *In Interest of T.B.*, 963 S.W.2d at 257(quoting *In Interest of C.M.W.*, 813 S.W.2d 331, 335 (Mo. App.1991)). " 'Trial judges are perfectly capable of receiving some evidence for one purpose and not another.' " *In Interest of J.A.R.*, 968 S.W.2d 748, 751

(Mo.App.1998)(quoting *In re S.P.W.*, 707 S.W.2d 814, 820 (Mo.App.1986)). On appeal, this Court presumes " 'the trial judge, as the trier of fact, was not prejudiced by any inadmissible evidence and was not influenced by such evidence in reaching his decision.' " *Id.* (quoting *State v. Clay*, 909 S.W.2d 711, 716 (Mo.App. 1995)).

Second, the decision terminating a parent's rights to a child will be affirmed where the record contains substantial evidence and reasonable inferences supporting the decision and is not against the weight of the evidence, and where there has been a proper declaration and application of the law. *In re V.M.O.*, 987 S.W.2d 388, 391 (Mo.App.1999); *see also In Interest of J.A.R.*, 968 S.W.2d at 750. If inadmissible evidence has been admitted, "[w]e will not reverse unless, after exclusion of the inadmissible evidence, the remaining evidence is not sufficient to support the court's judgment." *In Interest of T.B.*, 963 S.W.2d at 257.

Third, in a termination of parental rights proceeding, any *one* ground for termination, if adequately pleaded and proved, is sufficient to support termination. *In re L.T.*, 989 S.W.2d 673, 677 (Mo.App.1999).

Here, the juvenile court terminated Appellant's parental rights on the basis of abandonment, § 211.447.4(1); abuse and neglect, § 211.447.4(2); and failure to recti-

---

1. In the argument supporting her point of error, Appellant maintains that her trial counsel failed to object to the receipt of two exhibits comprised of Division of Family Services ("DFS") investigative narratives. Appellant also complains that her trial counsel should have objected to the testimony of DFS worker Catherine Lutton relative to the "circumstances that led to [S.T.W.] coming into care"; and questions posed to a DFS caseworker concerning Appellant's voluntary return of S.T.W. to a foster home and Appellant's ensuing disappearance.

2. All statutory references are to RSMo Cum. Supp.1998, unless otherwise noted.

3. *But see In Interest of D.S.G.*, 947 S.W.2d 516, 519 (Mo.App.1997)(citing *State v. Harris*, 870 S.W.2d 798, 814 (Mo. banc 1994), which referenced the test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)—i.e. deficiency in counsel's performance and actual prejudice applies in post-conviction relief actions); Rules 24.035 and 29.15, Missouri Court Rules (2000).

fy, § 211.447.4(3).[4] As set out below, our review of the record convinces us that sufficient evidence was presented to support the juvenile court's determination to terminate the parental rights of Appellant on the basis of abandonment, independent of the alleged hearsay evidence of which Appellant complains. *See In Interest of T.B.*, 963 S.W.2d at 257.

Section 211.447.4(1) provides that parental rights may be terminated if:

(1) The child has been abandoned. For purposes of this subdivision a **"child"** means any child over one year of age at the time of filing of the petition. The court shall find that the child has been abandoned if, for a period of six months or longer:

. . . .

(b) The parent has, without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the child, although able to do so[.]

When determining whether a child has been abandoned, we remember that "[a]bandonment focuses on the parent's intent taking into consideration all evidence of the parent's conduct, including conduct before and after the statutory period." *In Interest of G.M.T.*, 965 S.W.2d 200, 202 (Mo.App.1998); *In Interest of C.S.*, 910 S.W.2d 811, 813 (Mo.App.1995).

■ On review we take judicial notice of prior proceedings in juvenile court involving S.T.W. *See In Interest of L.V.M.*, 961 S.W.2d 129, 131 (Mo.App.1998). We note that S.T.W. was removed from Appellant's care on or about April 17, 1996, due to allegations of neglect in providing a suitable environment for the child. The juvenile court seasonably took jurisdiction over S.T.W. and Appellant was given a treatment plan to work toward reunification with her son. This entailed the active participation of case workers from the Division of Family Services ("DFS").

At the termination hearing, Catherine Lutton testified that she was S.T.W.'s case worker from April of 1996 until October of 1997. She testified that during that time Appellant's living arrangement changed frequently and she was reported to be having psychiatric difficulties. Ms. Lutton stated that from June of 1996 until November of 1996, Appellant was not compliant with her medication regime, was not working on any of the goals of her treatment plan, and visited S.T.W., who was in foster care, only sporadically. During the period December of 1996 until Ms. Lutton transferred the case to another case worker in October of 1997, Appellant was evidently taking medication and visited the child more regularly.

From October of 1997 until June of 1998, S.T.W.'s caseworker was Susie Bunn. Ms. Bunn did not testify at the termination hearing.

However, Angela Atwell, S.T.W.'s caseworker from June of 1998 until the hearing, acknowledged that Appellant contacted DFS twice between June of 1998 and December of 1999. The first time, in October of 1998, Appellant called to "let [Atwell] know that she was going to get her bipolar diagnosis reversed because she was not bipolar." Ms. Atwell also testified that Appellant had left the state at the time of that conversation and that when she asked Appellant why Appellant had left the state, "[Appellant] said it was because [her husband] had gotten a job and they were told that it was okay if they left the state." Ms. Atwell, however, acknowledged that there were no records of anyone in the agency that authorized Appellant to leave the state or terminate contact with the agency. Further, Ms. Atwell similarly acknowledged that during the foregoing time period Appellant never sent any cards,

---

4. The petition to terminate the parental rights of Appellant was filed October 29, 1998. The judgment terminated the parental rights of

S.T.W.'s biological father and his "legal" father. These latter parties do not appeal.

letters, or gifts to her son, nor did she provide him with any monetary support.

The next contact Appellant had with DFS was six months later on April 5, 1999, when Appellant and her then husband came to the DFS office and requested a visit with S.T.W. They were told that they would have to talk to the juvenile officer and they left.

There was no further contact with Appellant for eight months until Appellant called again on December 6, 1999 and stated that she had moved back to town; she would be staying with her mother; and she wanted to visit S.T.W. Ms. Atwell testified that Appellant had not seen S.T.W. from the time that she took over the case in June of 1998 until the date of the hearing on February 14, 2000. To the question, "[d]uring any of these contacts that [Appellant] had with you—I guess the three over the course of about two years— has [Appellant] asked you what she needs to do to get [S.T.W.] back?" she answered, "No."

The foregoing constitutes sufficient evidence supporting the trial court's determination terminating Appellant's parental rights on the basis of abandonment. § 211.447.4(1); *see In Interest of C.S.*, 910 S.W.2d at 813. "A parent is not allowed to maintain only a superficial or tenuous relationship with his child in order to avoid a determination of abandonment." *In re R.K.*, 982 S.W.2d 803, 806 (Mo.App.1998)

As discussed below, after having reviewed the factual scenario set out in the succeeding two cases, and comparing the factual scenario of the instant case, we are confirmed in the view that Appellant received effective assistance of counsel during the termination proceedings. In *In Interest of J.C., Jr.*, the parents' counsel was found to be ineffective where he stipulated to all of the juvenile officer's evidence; waived cross-examination while offering no evidence on behalf of the natural parents; and made a statement indicating that it was a foregone conclusion that the parents' rights would be terminated. *See*

*In Interest of J.C., Jr.*, 781 S.W.2d at 228–29. There the reviewing court reversed the trial court's order terminating the parental rights of the parents and remanded the matter for further proceedings. *Id.*

Likewise, in *In Interest of J.M.B.*, trial counsel was found to have provided ineffective assistance where mother failed to appear for the hearing and counsel failed to ask for a recess or a continuance; failed to object during the direct examination of the hearing's sole witness; asked only three questions during cross-examination concerning the hearing's crucial issue; offered no evidence or argument on behalf of mother; and went so far as to opine that her parental rights should be terminated. *In Interest of J.M.B.*, 939 S.W.2d at 55–56. The reviewing court reversed the circuit court's judgment terminating mother's parental rights and remanded for further proceedings. *Id.*

■ Unlike the foregoing cases, the record in the case before us does not reflect that Appellant's counsel's actions were of such a nature as to deny Appellant a meaningful hearing. *See In Interest of F.N.M.*, 951 S.W.2d at 708. Here, Appellant's trial counsel aggressively cross-examined each of Respondent's witnesses. Approximately eight pages of trial transcript out of a 73 page transcript were devoted to this effort by Appellant's trial counsel. Also, dispersed throughout the transcript are examples of valid points of objection. Appellant did not testify at the hearing but makes no complaint that she was not allowed to do so. Nor is there anything in the record suggesting that she was prevented from doing so by her trial counsel. If anything, this fact supports the conclusion that her failure to testify constituted a matter of appropriate trial strategy. *See* parallel discussion in *State v. Dees*, 916 S.W.2d 287, 301 (Mo.App. 1995).

Accordingly, we determine that Appellant was accorded a meaningful termination of parental rights hearing and that

she was provided effective assistance of counsel during those proceedings. Point denied.

The judgment of the juvenile court is affirmed.

PREWITT, J., concurs.

GARRISON, J., concurs.