Nancy Steffen Rahmeyer, P.J., concurring.
I concur and write separately to note the (hopefully) unique and troubling procedural posture of this case to assist juvenile courts in resolving recurrent and significant issues.
The following dates are significant:[1]
May 27, 2016 (A&N) : K.S. was taken into foster care at her birth (DOB 05/15/2016) due to testing positive for methamphetamine. This began the A&N proceeding, 16GK-JU00335, against Mother.
May 31, 2016 (A&N) : Juvenile Office filed an abuse and neglect petition.
June 1, 2016 (A&N) : Attorney Rina Edge, from Legal Aid, enters appearance for Mother.
June 2, 2016 (A&N) : Protective custody hearing was held. The docket sheet noted, "[p]arties notified in court of next hearing date set." An adjudication hearing was scheduled for July 5, 2016.
July 5, 2016 (A&N) : Adjudication hearing as to Mother. Mother and her counsel both appeared. Findings include that allegations of neglect were true.
August 2016 (A&N) : Visitation was stopped per court order.
October 5, 2016 (A&N) : Permanency hearing was held. Mother appeared with counsel. Trial court determined K.S. to be an abandoned infant. Judgment entered. Parties were notified in court of the next hearing date set for March 6, 2017 .
October 6, 2016 (TPR) : Five months after child's birth, a Petition to Terminate Parental Rights was filed against Mother.[2]
November 7, 2016 (TPR) : The summons for Mother was returned Non-Est and noted "Moved No FWDING Address."[3] A case review was held on November 10, 2016, where the trial court found that additional time was necessary for service on Mother. Several more extensions and efforts to obtain service on Mother ensued.
January 11, 2017 (TPR) : Docket entry notes "Summons Personally Served" and Notice of Rights given to Mother on January 3, 2017.
January 25, 2017 (TPR) : Case review held January 24, 2017, found (1) service was made on all persons and (2) attorneys (not specified) to send conflict dates. A termination of parental rights hearing was subsequently scheduled for May 16, 2017.
January 31, 2017 (A&N) : Mother's counsel filed a Motion to Withdraw as attorney of record for Mother in the A&N case. The motion noted the TPR case had been filed and provided the case number. The notice of hearing stated the motion would be called up on February 9, 2017, or as soon thereafter as counsel may be heard. The certificate of service noted that Mother's attorney mailed her said motion and notice at a Douglas Street address.
*908 February 2, 2017 (TPR) : Thirty days after service on Mother, the trial court rescheduled the date of trial on the petition to terminate parental rights from May 16, 2017, to February 21, 2017, nineteen days later.
February 7, 2017 (TPR) : The Juvenile Office mailed to Mother notice of the rescheduled termination of parental rights hearing to two different addresses, on Harrison and Douglas Streets. No notice of the new date of the hearing was sent to Mother's original attorney. The trial court noted: "The mother did not request or seek counsel in this action."
February 9, 2017 (A&N) : No hearing was held, and no docket entry regarding Mother's attorney's motion to withdraw.
February 21, 2017 (TPR) : Hearing held to terminate Mother's parental rights. Neither Mother nor an attorney appeared on her behalf. There is nothing in the record indicating whether an inquiry was made whether there was any effort to contact Mother or whether any of the certificates of service had been returned.[4] There was no testimony whether Mother had called the juvenile office or how Mother would have been able to request an attorney since there were no scheduled court hearings. There had been no notice sent to Mother's current attorney of record in the A&N case. The testimony of a Children's Services worker was that it was unknown to them where Mother was living on the date of the hearing. The last known address the worker knew of for Mother was on Douglas Street.
February 23, 2017 (TPR) : Judgment and Order for Terminating Parental Rights signed and filed.
March 6, 2017 (A&N) : Permanency review hearing in the A&N case. Mother's attorney appeared and her motion to withdraw was granted. Judgment was entered. Per the docket entry:
Permanency Review Hearing Held
Post-permanency review hearing held. Evidence heard. Juvenile continued in the temporary legal custody of Children's Division for appropriate placement. Court finds same in juvenile's best interest and Children's Division has made reasonable efforts to eliminate the need for removal. Prior treatment plans remain in effect. Father's attorney, Andrew Scholz, is relieved. Mother's attorney, Rina Edge, motion to withdraw is granted. F&R, Order, Judgment and Decree following post-permanency review hearing entered/filed. JUDGE HOSMER/cg
Notice
Parties notified in court of next hearing date set. /cg
Permanency Hearing Scheduled
Scheduled For : 07-Aug-2017; 11:00 AM, ANDY HOSMER; Setting : 0; Juvenile Office Greene
May 2, 2017 (TPR) : Trial court approves Mother's application for legal assistance and appoints attorney Teresa Householder as counsel for Mother. Ms. Householder is also appellate counsel.
This appeal was filed with a grant by this Court to file the appeal out of time.
Section 211.462.2, RSMo 1986 provides natural parents the right to counsel in a termination of parental rights proceeding. The failure to appoint counsel to *909 represent the natural parents, or to obtain an affirmative waiver of that right, has been held to be reversible error. In Interest of J.C., Jr. and T.C., 781 S.W.2d 226, 228 (Mo. App. W.D. 1989). "This statute implies a right to effective assistance of counsel; otherwise the statutory right to counsel would become an 'empty formality.' " Id. "In Missouri, the test is whether the attorney was effective in providing his client with a meaningful hearing based on the record." In Interest of J.M.B., 939 S.W.2d 53, 56 (Mo. App. E.D. 1997).
C.V.E. v. Greene County Juvenile Office , 330 S.W.3d 560 (Mo. App. S.D. 2010).
Contrary to the statute and the constitution, there are many troubling procedures in this case. Perhaps the problem was that there were two cases going on simultaneously with different judges. Mother had counsel from legal aid during the entire A&N proceeding; however, that counsel was not given notice of the termination hearing. More importantly, that the termination hearing was moved up from May 2017 to February 2017. It is quite likely that Mother thought, if she was notified that she had a right to an attorney, that she already had an attorney when she received the summons. At the last hearing, Mother and her counsel were notified that the next hearing was set for March 6, 2017. March 6, 2017 was a logical time then to have a hearing so that Mother could ask for an attorney if she wanted one. Had the TPR hearing been scheduled just two weeks later, in conjunction with the A&N procedure, the whole problem of notice and a request for a hearing could have been resolved. Although counsel filed a motion to withdraw on January 31, 2017, it is significant that the attorney did not withdraw until March 6, 2017, which was after the termination hearing.
Furthermore, from the record, there is no way to know whether Mother had actually received notice and had an opportunity to be heard because the termination hearing had been moved up to just sixteen days after the notice was sent. Keeping in mind that it took two months to serve Mother with the petition to terminate her rights and one of the addresses specifically noted that Mother had moved, it is problematic to think that Mother actually received notice of the advance in trial dates or that the notice was intended to reach Mother. It is especially troubling that a hearing to terminate Mother's rights was held barely 45 days after service on Mother at a time when she still had an attorney representing her. During this time period, the Children's Services worker testified she did not know where Mother currently resided. Visitation had been stopped in August 2016, and, presumably, Children's Services had no contact with Mother since August. The court made no inquiry into whether Mother had been notified, what efforts had been made to make sure Mother had been notified, whether Mother had waived her right to an attorney, or whether Mother was eligible to have an attorney appointed for her.[5] Mother's attorney did appear at the subsequent scheduled A&N hearing of March 6, 2017.
*910 Clearly, given the unique and confusing process in this case, we are unable to conclude that there was literal compliance with section 211.462.2. The record does not reflect that Mother was notified of her right to counsel in the TPR case, nor did she have the opportunity to be present at any court proceeding to request counsel. Although the majority opinion correctly found there was no evidence that Mother had been given notice of her right to an attorney, the entire process reflects significant procedural issues in this case. Mother's complaint that she had not received due process because she had not received notice of her right to be present with an attorney at a hearing to terminate her parental rights is well founded.

In the timeline herein, we have denoted either abuse and neglect ("A&N") or termination of parental rights ("TPR") to clarify the case related to each event.

Judge Hosmer presided over the A&N case; Judge Borthwick was assigned to the TPR case.

As noted in the majority opinion, the summons was not contained in the case file and there was no record of where service was attempted.

There was no listed address for Mother on two prior certificates of service dated January 31, 2017, advising of the TPR Summary and original TPR hearing date of May 16, 2017.

In its brief, the Juvenile Office does not address any of the facts of this case but instead claims that the summons on January 3, 2017, included a notice of rights and, therefore, due process was complied with. The Juvenile Office merely states that Mother did not request counsel or provide information to the court that she could not afford counsel. The Juvenile Office misses the point. Mother was not given the opportunity to request counsel or to provide information that she could not afford counsel. The juvenile office does not explain how Mother could have requested counsel when no hearing had been set in the summons. Is there a process in the juvenile office where a parent can request an attorney without a court hearing? Does the juvenile office mandate that any call from parents requesting an attorney be processed in some way? It is the Juvenile Office's responsibility to provide reasonable notice of hearings. Within two weeks of a notice by Mother's counsel in the A&N case that she intended to withdraw, the TPR hearing was moved up and held. It does not appear from the record that any effort was made to insure that Mother was given notice, an opportunity to be heard, and an opportunity to obtain different counsel if she needed to.