

# Missouri Court of Appeals

## Southern District

### Division One

| | |
|---|---|
| IN RE THE MATTER OF:<br>K.A.F., a minor child,<br><br>D.L.C. and B.E.C.,<br><br>            Petitioners-Respondents,<br><br>    vs.<br><br>T.A.F.,<br><br>            Respondent,<br><br>and W.J.M.,<br><br>            Respondent-Appellant. | No. SD36044<br><br>**Filed:  November 26, 2019** |

APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable Stephen R. Mitchell, Senior Judge

**<u>AFFIRMED</u>**

The guardians of K.A.F. ("Child"), D.L.C. and B.E.C. (collectively,

"Guardians"), filed a petition for adoption of Child, which was approved by judgment of

the trial court and effectively terminated the parental rights of W.J.M. ("Father").[1]  Father

---

[1] T.A.F. is the natural mother of Child and is not a party to this appeal.

1

challenges the adoption solely on the basis that his court-appointed trial counsel was ineffective. We do not, therefore, address the substantive merits, but only address the complaint that counsel was ineffective.

Father complains that his counsel failed to adequately communicate with him prior to the trial, failed to seek discovery on Father's behalf, failed to call witnesses on Father's behalf, failed to cross-examine Guardians on Father's behalf, failed to object to Guardians' exhibits which allowed irrelevant information into evidence, and failed to seek a continuance to allow time to adequately prepare. Father contends that his due process right to effective counsel became meaningless because his attorney was not effective in providing a meaningful hearing. *In the Interest of J.C., Jr.*, 781 S.W.2d 226, 228-29 (Mo.App. W.D. 1989). Father contends that *J.C., Jr.* and *In the Interest of J.M.B.*, 939 S.W.2d 53 (Mo.App. E.D. 1997), two termination of parental rights cases in which the appellate court found ineffective assistance of counsel, compel a similar finding in this appeal. Father contrasts his appeal with several cases which affirmed the denial of ineffective assistance of counsel claims. Father notes that in *J.C., Jr.*, the appellate court rejected the more rigorous *Strickland* test which requires both deficiency in counsel's performance and actual prejudice. *J.C., Jr.* at 228. The court held that the appropriate test was "'[I]f it appears from the record that an attorney was not effective in providing a meaningful hearing, due process guaranties have not been met.'" *Id.* (quoting *In re Moseley*, 660 P.2d 315, 318 (1983)).

Guardians argue that Father cannot win on the merits as the outcome would not have changed. Guardians claim the proper standard of review includes a finding that the error committed by the trial court against the appellant "materially affect[ed] the merits

of the action." ***In the Interest of A.R.B.***, No. WD82162, 2019 WL 4145028, *10 (Mo.App. W.D. Sep. 3, 2019). We must reject Guardians' argument that we do not consider the claim of ineffective assistance of counsel unless an appellant can show that any error was outcome determinative. The Western District of this Court reaffirmed the standard that parents do not receive due process if the attorney was "effectively absent" during the proceedings. ***A.R.B.*** at *11. If the appellant does not receive any meaningful representation then, by definition, the appellant's side of the story was not submitted to the trial court -- the attorney simply did not present the evidence and arguments of the appellant at trial. We, thus, proceed to the issue of whether Father received meaningful representation.

We analyze the conduct of trial counsel in the context of the case. Father's trial counsel not only presented evidence on behalf of Father, but he filed multiple Writs of Habeas Corpus ad Testificandum to even get Father to the courthouse to be able to testify and present evidence. Additionally, Father's trial counsel actively participated in the pre-trial negotiations for the post adoption contact agreement; and his trial counsel actively participated in the trial, objecting to a particular line of questioning of Father. Father testified at the trial. He was able to state his desire to be part of Child's life and his reasons why he contested the termination of his parental rights and adoption by Guardians.

By comparison, the earlier cases ***J.C., Jr.*** and ***J.M.B.***, where the court of appeals reversed the terminations of parental rights, involved trial counsel who remained entirely passive throughout the pre-trial and trial proceedings. Here, trial counsel attempted to negotiate the best result that he could for his client by negotiating a visitation contract

3

prior to the hearing. Father rejected the agreement and a full trial ensued. As noted by Father, he was not able to care for Child, he appreciated the care she received and that she was with her siblings. He explained why he had not participated in Child's life. Father received meaningful representation given the difficulty of the situation he found himself in. He simply presented a case of someone who has not participated and cannot participate for any time in the foreseeable future in Child's life. Trial counsel presented the best evidence that he could at trial. Father's point is denied.

The judgment is affirmed.


Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, P.J. – Concurs

William W. Francis, Jr., J. – Concurs